IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darris Sherrills,           :

        Plaintiff        :   Civil Action 02:06-cv-485

v.                          :   Judge Sargus

Warden Terry Collins,       :   Magistrate Judge Abel

        Defendants       :

**ORDER**

    Plaintiff Darries Sherrills, a prisoner at the Marion Correctional Institution, has filed a complaint alleging that he has been provided negligent medical care and that he has been required to make a $3 co-payment for medical care in violation of the Ohio Administrative Code. This matter is before the Court on plaintiff's September 6, 2006 objection to the Magistrate Judge's Report and Recommendation (doc. 22) recommending that plaintiff's August 8, 2006 motion to proceed *in forma pauperis* be denied. As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the plaintiff specifically objects. Upon *de novo* review, the Court **OVERRULES** the plaintiff's objection.

    As a preliminary matter, plaintiff's June 15, 2006 and July 18, 2006 motions for leave to proceed *in forma pauperis* are DENIED as MOOT.

    Sherrills' affidavit in support of the objection states that on five previous occasions he has filed suits that have been dismissed as frivolous, malicious or failing to state a claim. Plaintiff argues that he has been incarcerated since 1988 and that application of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) violates the Ex Post Facto clause of the United

States Constitution. This argument has no merit. *See Wilson v. Yaklich*, 148 F.3d 596, 606 (6th Cir. 1998) ("The provisions of § 1915(g), by their very terms, apply only to the filing of civil actions and, while they may impact individuals incarcerated in the criminal justice system, are procedural in nature and were not enacted to affect the punishments already meted out for crimes. They do not, therefore, run afoul of the prohibition on *ex post facto* legislation.").

The Magistrate Judge properly noted that under the provisions of 28 U.S.C. § 1915(g) a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." The prisoner must be "under imminent danger of serious physical harm" at the time the complaint is filed, not at the time of the actionable events. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 116 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Because Sherrills has had more than three previous suits dismissed as frivolous or failing to state a claim, and he does not allege that he is in imminent danger of serious physical harm, plaintiff's September 6, 2006 objection to the Magistrate Judge's Report and Recommendation (doc. 22) are OVERRULED and plaintiff's August 8, 2006 motion to proceed *in forma pauperis* is DENIED.

10-23-2006

Edmund A. Sargus, Jr.
United States District Judge